IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ROSE MARY VAZQUEZ,

    Plaintiff,

v.

BELZ INVESTMENT COMPANY L.P.
and PEABODY PLACE, L.P.,

    Defendant.

NO. _____

JURY DEMANDED

---

## COMPLAINT FOR DAMAGES

---

Comes now the Plaintiff, ROSE MARY VAZQUEZ, by and through her undersigned counsel, and hereby sues the Defendants, BELZ INVESTMENT COMPANY L.P. and PEABODY PLACE L.P., and alleges as follows:

### PARTIES

1. At all times relevant to this Complaint, the Plaintiff, ROSE MARY VAZQUEZ, was a citizen and resident of the State of Texas, residing at 2511 Wolcek Road, Crosby, TX 77532.

2. At all times relevant to this Complaint, the Defendant, BELZ INVESTMENT COMPANY L.P., was a limited partnership formed in Tennessee having its principal place of business at 100 Peabody Place, Suite 1400, Memphis, TN 38103, which may be served with process through its Registered Agent as identified through the Tennessee Secretary of State website: Andrea S. Bienstock, 100 Peabody Place, Suite 1400, Memphis, TN 38103.

3. At all times relevant to this Complaint, the Defendant, PEABODY PLACE L.P., was a limited partnership formed in Tennessee having its principal place of business at 100 Peabody Place, Suite 1400, Memphis, TN 38103, which may be served with process through its Registered Agent as identified through the Tennessee Secretary of State website: Urco, Inc., 100 Peabody Place, Suite 1400, Memphis, TN 38103.

## JURISDICTION AND VENUE

4. Plaintiff's cause of action arises in tort as a result of injuries and damages sustained due to the negligence of the Defendants, Belz Investment Company L.P. and Peabody Place L.P., in Memphis, Shelby County, Tennessee on or about March 12, 2022.

5. Venue is properly situated in this Court pursuant to 28 U.S.C. § 1391(b).

6. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a)(1).

## FACTS

7. Upon information and belief, the Defendants, Belz Investment Company L.P. and Peabody Place L.P., owned, managed, maintained and/or controlled the parking lot and sidewalk located at 143 South Fourth Avenue, Memphis, Tennessee at the time of the incident.

8. On or about March 12, 2022, Plaintiff Rose Mary Vazquez was on the sidewalk located on the premises of the parking lot located at 143 South Fourth Avenue, Memphis, Tennessee.

9. Around the outer edge of the parking lot, there were several divots in the concrete, creating a hidden, latent defect for individuals traversing the sidewalk.

10. While walking on the sidewalk to her vehicle, Plaintiff tripped on the uneven, defective walkway and fell.

11. Defendants' employees and/or agents failed to notify Plaintiff that the sidewalk surface was uneven or otherwise posed a danger to persons traversing on same.

12. Defendants' employees and/or agents provided no warning signs or other warning of the dangerous condition created by the uneven sidewalk surface.

13. Plaintiff would further show unto the Court that Plaintiff was exercising due care and caution for her own safety but that because the dangerous condition created by the uneven sidewalk surface was not obvious, she was unable to avoid tripping and falling.

14. As a result of this incident, the Plaintiff sustained serious and painful injuries that required immediate and extensive medical attention.

## CAUSE OF ACTION
## NEGLIGENCE

15. The Plaintiff repeats the allegations contained in paragraphs 1 – 14 as though set forth herein verbatim.

16. The Defendants owed the Plaintiff a reasonable degree of care in maintaining its premises in such a manner so as not to create a dangerous condition that would endanger persons and, specifically, Plaintiff, when traversing the sidewalk maintained by the Defendants. The Defendants failed in that duty as specifically stated herein and said failure of duty constituted negligence that was the proximate cause of the incident complained of herein and the injuries suffered by the Plaintiff as a direct result of said incident.

17. The Defendants, through the actions of its employees and/or agents, failed to inspect the sidewalk around the parking lot and notify Plaintiff of said dangerous condition where members of the public and individuals like Plaintiff would ordinarily be expected to traverse.

18. The Defendants, through the actions of their employees and/or agents, were negligent in failing to warn members of the public, and specifically Plaintiff, of the dangerous condition of the sidewalk.

19. The Defendants had a duty to monitor and oversee their employees and agents and was negligent in failing to do so.

20. The Defendants, through the actions or inactions of their employees and/or agents, were negligent in failing to place any warning signs or visual cues as to the dangerous condition of the sidewalk.

21. The Defendants, through the actions or inactions of their employees and/or agents, were negligent in failing to maintain a safe environment for Plaintiff and the general public while traversing the parking lot and surrounding sidewalk.

22. Upon information and belief, the Defendants had or should have had actual and/or constructive notice of the dangerous condition that caused Plaintiff's injuries and damages.

23. As a proximate result of the negligence of the Defendants, Plaintiff Rose Mary Vazquez suffered severe injuries which required medical attention.

24. As a proximate result of the negligence of the Defendants, Plaintiff Rose Mary Vazquez endured pain and suffering which would not have otherwise occurred.

**COMPENSATORY DAMAGES**

25. The Plaintiff repeats the allegations contained in paragraphs 1 – 24 as though set forth herein verbatim.

26. As a direct and proximate result of the incident described herein, the Plaintiff, Rose Mary Vazquez, suffered considerable damages. She has undergone extensive medical treatment in an effort to treat, cure and alleviate her injuries and conditions.

27. As a direct and proximate consequence of this incident, the Plaintiff, Rose Mary Vazquez, suffered injuries that have caused her to lose the ability to carry out and enjoy life's normal activities.

28. As a direct and proximate result of this incident, the Plaintiff, Rose Mary Vazquez, suffered:

    a. Physical pain and mental suffering;

    b. Medical care in the past and to be obtained in the future;

    c. Pain and suffering in the past and to be experienced in the future; and

    d. Loss of enjoyment of life.

## RELIEF SOUGHT

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, Rose Mary Vazquez, respectfully prays:

1. That the Plaintiff be awarded the present cash value of any medical care and treatment that she will have to undergo in the future;

2. That the Plaintiff be awarded special damages for medical, hospital and doctors' expenses incurred, according to proof;

3. That the Plaintiff be awarded compensatory damages in an amount not less than Two Million and no/100 Dollars ($2,000,000.00);

4. That the Plaintiff be awarded post-judgment interest as allowed by law;

5. That a jury be empaneled to try the issues when joined; and

6. Such further relief as the Court may deem just and equitable.

        Respectfully submitted,

        901Attorneys, LLC

        s/ David A. McLaughlin
        David A. McLaughlin, Esq. (015561)
        Attorney for the Plaintiff
        200 Jefferson Avenue – Suite 900
        Memphis, TN 38103
        (901) 671-1551 phone
        (901) 671-1571 fax
        David@901Attorneys.com