IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROSE MARY VAZQUEZ,<br>    Plaintiff,<br><br>v.<br><br>PEABODY PLACE, L.P.,<br>    Defendant. | No. 2:23-cv-2113-SHL-tmp |

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court are Defendant's Motion for Summary Judgment (ECF No. 22), Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 24), and Defendant's Reply (ECF No. 26). In this personal injury case, Plaintiff Rose Mary Vazquez sues Defendant Peabody Place, L.P. ("PPL"), for injuries she allegedly sustained due to a trip and fall on a public sidewalk located adjacent to a parking lot owned by PPL. (ECF No. 1.) Because the undisputed facts demonstrate that PPL is entitled to judgment as a matter of law, PPL's motion is **GRANTED**.

### BACKGROUND

The following facts are undisputed for the purposes of this motion, unless otherwise noted. On March 12, 2022, Ms. Vazquez fell on a public sidewalk situated between S. 4th Street, Memphis, TN, and an iron fence that separates the sidewalk from a PPL-owned surface parking lot at 143 S. 4th Street, Memphis, TN. (ECF No. 23 at PageID 81–82.) This public sidewalk is not owned by PPL, nor has PPL made any repairs, alterations, or modifications to said sidewalk. (Id. at PageID 82.) Ms. Vazquez, a Texas resident, alleges that a divot in the sidewalk was the impetus for her fall. (ECF No. 1 at PageID 1–2.)

Ms. Vazquez filed her complaint on March 3, 2023, seeking compensatory damages of $2,000,000, special damages for medical expenses, the present cash value of any future treatment she will need to undergo, and post-judgment interest. (Id. at PageID 5.) She believes that PPL, a Tennessee-based limited partnership with its principal place of business in Memphis, TN (ECF No. 1 at PageID 2; ECF No. 14 at PageID 35), has a duty to maintain the public sidewalk outside of its parking lot in "good repair and condition" pursuant to Memphis city ordinance § 12-24-3.B. (ECF No. 24 at PageID 87.) In response, PPL relies on Tennessee case law that clarifies the scope of ordinances of this kind, arguing that property owners do not owe a duty to private litigants to maintain public sidewalks adjacent to their property. (ECF No. 22-1 at PageID 61, 67.)

## STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court views the facts in the record and reasonable inferences that can be drawn from those facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The party opposing summary judgment must show that there is a genuine dispute of material fact by pointing to evidence in the record or argue that the moving party is not entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c)(1). "When confronted with a properly supported Motion for Summary Judgment, the party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact." Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989) (citing Celotex Corp. v Catrett, 477 U.S. 317, 322 (1986)). The opposing party "cannot rest

solely on the allegations made in her pleadings." Skousen v. Brighton High Sch., 305 F.3d 520, 527 (6th Cir. 2002).

A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court's role is not to weigh evidence or assess the credibility of witnesses, but simply to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Kroll v. White Lake Ambulance Auth., 763 F.3d 619, 623 (6th Cir. 2014) (quoting Anderson, 477 U.S. at 251–52). "Nothing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record." Guarino v. Brookfield Twp. Trs., 980 F.2d 399, 405 (6th Cir. 1992).

## **ANALYSIS**

Lawsuits grounded in diversity of citizenship are authorized in federal court when the opposing parties are completely diverse from each other and the amount in controversy exceeds $75,000. U.S. Const. art. III, § 2, cl. 1; 28 U.S.C. § 1332(a). Federal courts generally apply the substantive law of the forum state when subject matter jurisdiction is rooted in diversity of citizenship. State Auto Prop. & Cas. Ins. Co. v. Hargis, 785 F.3d 189, 195 (6th Cir. 2015); 28 U.S.C. § 1652. Since Ms. Vazquez is domiciled in Texas, PPL has both its headquarters and principal place of business in Tennessee, and the amount in controversy exceeds $75,000—thereby satisfying the requirements for diversity of citizenship under 28 U.S.C. § 1332(a)—the Court will apply Tennessee law.

Ms. Vazquez sues PPL for negligence, arguing that PPL should have either better maintained the public sidewalk bordering its parking lot or adequately warned passerby of a

3

potential defect in the sidewalk.  (ECF No. 1 at PageID 3–4.)  There is no disagreement between the Parties as to any material fact.  Both sides agree that PPL did not own the sidewalk, did not create or alter the divot, and did not have actual or constructive knowledge of the divot.  (ECF No. 22 at PageID 58; ECF No. 23 at PageID 81–82.)  Because the Parties are singing the same factual tune, resolution of this matter comes down to a legal interpretation of PPL's responsibility for the public sidewalk adjacent to its property.

To establish negligence under Tennessee law, Ms. Vazquez must prove: (1) a duty of care owed by PPL to Ms. Vazquez; (2) conduct falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate cause.  McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995).  The analysis here starts and ends with the duty of care owed by PPL to Ms. Vazquez.

There are three differing concepts of duty that the Parties argue control this case: 1) the duty of private landowners to maintain an adjacent public sidewalk under Tennessee case law; 2) the duty, if any, owed under the City of Memphis's Sidewalk Ordinance; and 3) the generally applicable duty of the reasonable person/business standard that balances the potential harm to the plaintiff with the burden on the defendant to prevent the harm.  As described below, because the Court concludes that PPL did not owe a duty to Ms. Vazquez under any of those three approaches, PPL is entitled to judgment as a matter of law.

I.   Duty of Private Landowner to Maintain an Adjacent Public Sidewalk

Principles of premises liability state that a business owner has "a duty to exercise reasonable care and to maintain his premises in a reasonably safe condition for his invitees."  Benson v. H.G. Hills Stores, Inc., 699 S.W.2d 560, 562 (Tenn. Ct. App. 1985).  However, the business proprietor is liable only if it fails to "exercise ordinary care to maintain the premises in

4

a safe condition." Jones v. Zayre, Inc., 600 S.W.2d 730, 732 (Tenn. Ct. App. 1980) (citing Patterson v. Kroger Co., 389 S.W.2d 283 (Tenn. Ct. App. 1965)); see also Blair v. W. Town Mall, 130 S.W.3d 761, 764 (Tenn. 2004) (recognizing that premises owners are not "the insurers of their patrons' safety"). A premises owner has the "responsibility of either removing or warning against any latent dangerous condition on the premises of which [he was] aware or should have been aware through the exercise of reasonable diligence." Eaton v. McLain, 891 S.W.2d 587, 593–94 (Tenn. 1994) (citations omitted).

A business invitee injured on a business owner's property establishes the business owner's duty by demonstrating that the condition presents an unreasonable risk that was reasonably foreseeable to the premises owner. Rice v. Sabir, 979 S.W.2d 305, 309 (Tenn. 1998); Green v. Roberts, 398 S.W.3d 172, 177 (Tenn. Ct. App. 2012). Ms. Vazquez would also need to show that the dangerous condition was either created by the owner or operator of the property or his agent, or that the owner, operator, or agent had actual or constructive notice of the existence of the dangerous condition before the accident. See Jones, 600 S.W.2d at 732 (citing Gargaro v. Kroger Grocery & Baking Co., 118 S.W.2d 561 (1938)); Blair, 130 S.W.3d at 764.

Here, the threshold question centers around ownership and control of the sidewalk. To establish negligence under a theory of premises liability, a plaintiff must show that the defendant either owned or had responsibility over the property in question. While Ms. Vazquez originally pled that PPL was the entity that "owned, managed, maintained and/or controlled" the sidewalk adjacent to its parking lot (ECF No. 1 at PageID 2), it has since become an undisputed fact that the sidewalk is owned by the City of Memphis. (ECF No. 25 at PageID 94.) Therefore, PPL has proved, and Ms. Vazquez has agreed, that the sidewalk where the fall occurred is not the real property of PPL. The duty owed by PPL is thereby lessened.

5

Luckily, there is controlling Tennessee case law detailing the duty owed by landowners who have property abutting public sidewalks. In Harbin, a passerby sued a property owner for personal injury damages resulting from a fall on a public sidewalk that had been damaged by elevated tree roots. Harbin v. Smith, 76 S.W.2d 107, 108 (Tenn. 1934). The plaintiff argued that a Chattanooga city ordinance placed responsibility on property owners with land abutting damaged sidewalks to "abate" any defects that constituted a nuisance to the public. Id. However, the Tennessee Supreme Court held that a municipality could not "shift its primary liability for an omission of duty to keep streets and sidewalks reasonably safe" to a private property owner and that ordinances or statutes that required property owners to maintain sidewalks next to their property did not "impose liability directly upon such owners for injury resulting to travelers in consequence of the municipality's omission of duty." Id. at 109.

A few decades later, an appeal of a similar trip and fall factual scenario in Memphis resulted in a favorable result for the private property owner defendant. Vinson v. Fentress, 232 S.W.2d 272, 274 (Tenn. Ct. App. 1950). The Vinson court relied upon Harbin's pronouncement that public sidewalk repair ordinances cannot transfer sidewalk maintenance responsibility from cities to private landowners; instead, that responsibility and corresponding duty rests squarely with the city. Id. Independent of any city ordinance, the court also held that there was no common-law duty for adjacent landowners to make public sidewalk repairs. Id.

Since Vinson, there has been a dearth of lawsuits against private landowners for trips on public sidewalks in Tennessee. However, there are numerous situations where plaintiffs have sued a city for their injuries on sidewalks, as cited in PPL's Reply.[1] Case law demonstrates that

---

[1] These cases include City of Winchester v. Finchum, 301 S.W.2d 341, 343 (Tenn. 1957); Mitchell v. City of Franklin, No. M2021-00877, 2022 WL 4841912, at *1 (Tenn. Ct. App. Oct. 4, 2022); McMahan v. City of Cleveland, No. E2018-01719, 2019 WL 5067193, at *1 (Tenn. Ct.

municipalities are the proper defendants in factual scenarios like Ms. Vazquez's because private landowners do not owe a duty to private litigants to maintain public sidewalks adjacent to their property under Tennessee law. Therefore, the lack of a duty to Ms. Vazquez under this theory defeats her claims as a matter of law.

II. Intended Beneficiary of the City of Memphis's Sidewalk Ordinance

Ms. Vazquez does not explicitly argue a theory of negligence per se in her Complaint. (ECF No. 22-1 at Page ID 69.) However, if the Court liberally construes her arguments about a Memphis sidewalk ordinance (ECF No. 24), she would need to show that PPL "violated a statute or ordinance that imposes a duty or prohibition for the benefit of a person" and that she is "within the class of persons intended to benefit from or be protected by" the ordinance. Harden v. Danek Med., Inc., 985 S.W.2d 449, 452 (Tenn. Ct. App. 1998.)

The Memphis city ordinance in questions states that:

> It shall be the duty of every owner of property, whether vacant or occupied, within the limits of the city abutting on or adjacent to, any street, avenue, parkway, or other public street of the city, to keep clean and open for public passage all public sidewalks or walkways abutting on or adjacent to such property, and to keep such sidewalks or walkways in good repair and condition.

Memphis, Tenn., Code of Ordinances §12-24-3.B. However, this ordinance is "for the benefit of the municipality, not the party injured whose recourse is against the municipality." McFerrin v. Crescent Amusement Co., 364 S.W.2d 102, 106 (Tenn. Ct. App. 1962). Someone who is not the intended beneficiary of an ordinance, like Ms. Vazquez, cannot base an action on an ordinance that has no mention of any liability for a private landowner towards an injured citizen. Rather, the ordinance serves to benefit another entity: the City of Memphis.

---

App. Oct. 9, 2019); Fowler v. City of Memphis, 514 S.W.3d 732, 734 (Tenn. Ct. App. 2016); Henry v. City of Nashville, 318 S.W.2d 567, 567 (Tenn. App. 1958).

Persuasive case law and academic treatises support this distinction. In Schilling v. Schoenle, a plaintiff was injured by a defect in a sidewalk that was covered by snow. 782 S.W.2d 630, 631 (Ky. 1990). Plaintiff relied on a theory of liability against the abutting landowner that nearly mirrors Ms. Vazquez's, citing an ordinance that required landowners to keep sidewalks in good repair. However, such reliance proved futile as both the trial court and Kentucky Supreme Court reasoned that ordinances of this kind could potentially create a financial obligation for private landowners owed to the city, but not towards a private litigant who is not contemplated in the ordinance. Id. at 633.

Other cases repeat a similar refrain: "Our review of case law from other jurisdictions reveals that the overwhelming majority support the proposition that a statute requiring an abutting landowner to maintain a public sidewalk . . . creates no duty to pedestrians using the sidewalk, absent an express mandate from the legislature imposing such liability." Carroll v. Jobe, 638 N.E.2d 467, 470 (Ind. Ct. App. 1994). Lastly, the Second Restatement of Torts also illustrates that an ordinance of this kind makes the landowner responsible to the city, but not to any individual who is harmed: "A municipal ordinance provides that abutting property owners must repair defects in sidewalks . . . A, an abutting owner, fails to remove ice from the sidewalk. B slips on the ice and is injured. The ordinance does not provide a standard of conduct for the benefit of B." Restatement (Second) of Torts § 288 cmt. c, illus. 5 (Am. L. Inst. 1965).

Ms. Vazquez tries to differentiate subtle nuances between the Chattanooga ordinance that was in play in Harbin and the Memphis ordinance in question here. She argues that the use of "duty" in the ordinance creates a tort liability upon private landowners whereas the use of "responsibility" in the Chattanooga ordinance merely requires the landowner to remedy a nuisance. (ECF No. 24 at PageID 88.) Importantly, as pointed out by PPL, there is no private

8

right of action or remedy available to passerby in the Memphis ordinance in question. (ECF No. 26 at PageID 98.) Trying to parse through small differences in the ordinances is a futile exercise when the broader question of the intended beneficiary of the ordinance and the rights of passerby are not implicated by either ordinance; this Memphis city ordinance, therefore, does not create a duty that PPL owes to Ms. Vazquez.

   III.   Balancing Potential Harm to Plaintiff with the Burden on Defendant to Prevent the Harm

The third, more generally applicable concept of duty that Ms. Vazquez argues is evaluated through the broader lens of whether a business has aligned its conduct with the reasonable person standard so that it protects "others against unreasonable risks of harm." Cullum v. McCool, 432 S.W.3d 829, 833 (Tenn. 2013). The unreasonable risk of harm is evaluated through a balancing of the "foreseeability and gravity of harm caused by a defendant's conduct" weighed against the potential burden on the defendant to prevent the harm. Id.

The Parties have agreed that PPL did not own the sidewalk, did not create or alter the divot, nor did it have actual or constructive knowledge of the divot on the public right of way. Those factual acknowledgements greatly affect the foreseeability of harm since PPL was not on notice of any potential defect surrounding its property.

Something that would dramatically increase the foreseeability of harm, however, would be an ice or snowstorm. Ms. Vazquez references a management agreement between PPL and its parking lot management company that includes an expectation for the management company to "[k]eep and maintain the Facility, driveways, and the surrounding sidewalks clean and free of snow and ice at all times." (ECF No. 24 at PageID 89.) Not only would PPL have a legal incentive to keep its property and abutting sidewalks clean during severe winter weather, but there is also a business incentive to maintain an inviting and usable atmosphere that welcomes

customers to park their cars in that specific lot.  However, Ms. Vazquez was not a party to or a beneficiary of the management agreement, nor does she know the intended purpose of that particular clause, so her attempts to extrapolate out this provision into larger all-encompassing maintenance expectations is unavailing.  But, most importantly and most relevant to her suit, the undisputed facts show that there was no snow or ice involved in this trip and fall, thereby dramatically decreasing the foreseeability of harm in the parking lot and surrounding sidewalks. (ECF No. 26 at PageID 99.)

On the gravity of harm front, this particular stretch of public sidewalk is one block away from Memphis's famed nightlife destination and noted haven for open-container nights of debauchery and revelry: Beale Street.  While the number is difficult to fully estimate, it would not shock the Court if tens of thousands of tourists (and locals alike) walk on this very stretch of sidewalk as they head back to their cars after experiencing the wonders of Beale or attending basketball games and other events at the nearby arena.  It is hard to believe that the Court has not been flooded with other lawsuits with the amount of foot traffic that this sidewalk sees if one was truly "unable to avoid tripping and falling" on this divot.  (ECF No. 1 at PageID 3.)

But alas, the gravity of harm befalling other pedestrians walking in Memphis does not affect this suit directly; a potential tortfeasor takes the plaintiff as she is found regardless of whether that plaintiff is more susceptible to injury and suffers more harm than the average pedestrian.  However, even if Ms. Vazquez suffered some harm, that harm is inextricably intertwined with the low foreseeability in such a way that renders PPL nonnegligent.  See Tompkins v. Annie's Nannies, Inc., 59 S.W.3d 669, 673 (Tenn. Ct. App. 2000) ("No person, however, is expected to protect against harm from events which one cannot reasonably anticipate

or foresee or which are so unlikely to occur that the risk, although recognizable, would commonly be disregarded.").

Even though the foreseeability and gravity of harm are both low, the burden on PPL to check in on the status of public sidewalks adjacent to its property is also relatively low—a factor that tilts in Ms. Vazquez's favor.  An employee presumably could check the area immediately surrounding the parking lot every now and again and notice any defects that might affect potential customers.  However, there is no information pled as to how long the divot was there, how big the divot was, or whether it would have put a reasonable business owner on notice that notification to the city for a potential repair was necessary.  Since the foreseeability and gravity of harm are so low in this case, even a minor burden to the business owner does not outweigh the other side of the balancing equation.  PPL did not owe a cognizable duty to Ms. Vazquez under this generally applicable approach to duty.

Thus, Ms. Vazquez cannot establish a prima facie negligence claim because a reasonable jury could not return a verdict for Ms. Vazquez under the duty laid out in relevant Tennessee sidewalk ordinance case law, through a negligence per se action based on the Memphis city sidewalk ordinance, or under the generally applicable balancing approach to duty.  PPL is therefore entitled to judgment as a matter of law.

## CONCLUSION

For these reasons, PPL's Motion for Summary Judgment is **GRANTED** and this matter is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED,** this 11th day of January, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE